UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOSHUA HOWARD ELZINGA,

       Plaintiff,                       HON. THOMAS L. LUNDINGTON

vs.                                    Case No.: 15-cv-10808-TLL-PTM
                                         Magistrate Judge Patricia T. Morris

BAY CITY PUBLIC SAFETY OFFICER
DONALD ALDRICH, BAY CITY PUBLIC
SAFETY OFFICER BRIAN RITCHEY;
BAY CITY PUBLIC SAFETY OFFICER
KEATH BARTYNSKI, and CARRIER
SUE ALDRICH, Jointly and Severally,

       Defendants.

---

THOMAS M. LOEB (P25913)
Attorney for Plaintiff
32000 Northwestern Hwy., Ste. 170
Farmington Hills, MI 48334
(248) 851-2200
tmloeb@mich.com

THOMAS L. FLEURY (P24064)
Attorney for Defendant Bartynski
26555 Evergreen, Ste. 1240
Southfield, MI 48076
(313) 965-0857
tlf@kellerthoma.com

JAMES E. TAMM (P38154)
Attorney for Defendant Aldrich
40701 Woodward Avenue, Ste. 105
Bloomfield Hills, MI 48304
(248) 433-2000
jetamm@odtlegal.com

PAUL L. NYSTROM (P57067)
DAVID J. COUNCIL (P73163)
Attorney for Carrie Sue Aldrich
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
(248) 203-0700
pnystrom@dykema.com
dcouncil@dykema.com

---

## DEFENDANT DONALD ALDRICH'S ANSWER TO PLAINTIFF'S COMPLAINT

      Defendant Donald Aldrich, by and through his attorneys, O'Connor, DeGrazia, Tamm &

O'Connor, P.C., for his Answer to Plaintiff's Complaint, states as follows:

## Preliminary Statement

1.      Defendant Donald Aldrich denies the allegations contained in this paragraph in the form, manner pled, and in fact as untrue.

2.      Defendant Donald Aldrich denies the allegations contained in this paragraph in the form, manner pled, and in fact as untrue.

## Jurisdiction and Venue

3.      Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

4.      Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

## Plaintiff and Defendants

5.      Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

6.      Defendant Donald Aldrich admits that on the date at issue in the Complaint, he was a Bay City Public Safety Officer, but denies that he was on duty or acting in his capacity as a Bay City Police Officer at any time relevant to Plaintiff's Complaint.  Mr. Aldrich resided in the Eastern District of Michigan.

7.      Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

8.      Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

9.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

2

10.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

11.    Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

## Facts

12.    No contest.

13.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

14.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

15.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

16.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

17.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

18.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

19.    No contest.

20.    Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

21.    Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

22.     Donald Aldrich admits that at some point during the evening of May 1, 2013, he was advised that Plaintiff had taken a Facebook photograph depicting Officer Brian Ritchey.

23.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

24.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

25.     No contest.

26.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

27.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

28.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

29.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

30.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

31.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

32.     Defendant Donald Aldrich admits that he engaged in a verbal exchange with Plaintiff.

33.     Defendant Donald Aldrich denies the allegations contained in this paragraph as untrue.

4

34. The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

35. The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

36. The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

37. The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

38. The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

39. No contest.

40. Admitted.

41. Admitted.

42. Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

43. Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

44. Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

45. Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

46. Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

47.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

48.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

49.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

50.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

51.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

52.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

53.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

54.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

55.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

56.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

57.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

58.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

59.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

60.     Defendant Donald Aldrich neither admits nor denies the same for lack of information sufficient to form a belief because it is not directed toward to this Defendant.

61.     Defendant Donald Aldrich denies the allegations contained in this paragraph as untrue.

62.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

63.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

64.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

65.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

66.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

67.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

68.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

69.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

70.     Defendant neither admits nor denies the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

71.     Defendant denies the allegations contained in this paragraph as untrue.

72.     Defendant denies the allegations contained in this paragraph as untrue.

a.      Defendant denies the allegations contained in this paragraph as untrue.

b.      Defendant denies the allegations contained in this paragraph as untrue.

c.      Defendant denies the allegations contained in this paragraph as untrue.

d.      Defendant denies the allegations contained in this paragraph as untrue.

e.      Defendant denies the allegations contained in this paragraph as untrue.

**WHEREFORE,** Defendant Donald Aldrich requests this Honorable Court to enter a judgment of no cause for action together with an award of costs and attorney's fees wrongfully incurred in defending this action.

O'CONNOR, DeGRAZIA, TAMM &O'CONNOR, P.C.


By: /S/ James E. Tamm
                JAMES E. TAMM (P38154)
                Attorney for Defendant Donald Aldrich
                40701 Woodward Avenue, Ste. 105
                Bloomfield Hills, MI 48304
                (248) 433-2000
                jetamm@odtlegal.com

Dated:  April 27, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOSHUA HOWARD ELZINGA,

      Plaintiff,                      HON. THOMAS L. LUNDINGTON

vs.                                Case No.: 15-cv-10808-TLL-PTM
                                     Magistrate Judge Patricia T. Morris

BAY CITY PUBLIC SAFETY OFFICER
DONALD ALDRICH, BAY CITY PUBLIC
SAFETY OFFICER BRIAN RITCHEY;
BAY CITY PUBLIC SAFETY OFFICER
KEATH BARTYNSKI, and CARRIER
SUE ALDRICH, Jointly and Severally,

      Defendants.

---

| | |
|---|---|
| THOMAS M. LOEB (P25913) | THOMAS L. FLEURY (P24064) |
| Attorney for Plaintiff | Attorney for Defendant Bartynski |
| 32000 Northwestern Hwy., Ste. 170 | 26555 Evergreen, Ste. 1240 |
| Farmington Hills, MI 48334 | Southfield, MI 48076 |
| (248) 851-2200 | (313) 965-0857 |
| tmloeb@mich.com | tlf@kellerthoma.com |
| | |
| JAMES E. TAMM (P38154) | PAUL L. NYSTROM (P57067) |
| Attorney for Defendant Aldrich | DAVID J. COUNCIL (P73163) |
| 40701 Woodward Avenue, Ste. 105 | Attorney for Carrie Sue Aldrich |
| Bloomfield Hills, MI 48304 | 39577 Woodward Ave., Ste. 300 |
| (248) 433-2000 | Bloomfield Hills, MI 48304 |
| jetamm@odtlegal.com | (248) 203-0700 |
| | pnystrom@dykema.com |
| | dcouncil@dykema.com |

---

## DEFENDANT DONALD ALDRICH'S AFFIRMATIVE DEFENSES

      Defendant Donald Aldrich, by and through his attorneys, O'Connor, DeGrazia, Tamm &

O'Connor, P.C., for his Affirmative Defenses, states as follows:

      1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Defendant Donald Aldrich was off-duty at the time of the occurrence and was not acting under color of state law.

3.      At no time was Donald Aldrich a state actor giving rise to a claim under 42 U.S.C. §1983.

4.      The acts attributable to Donald Aldrich in Plaintiff's Complaint did not deprive Plaintiff of a right secured by the Constitution or laws of the United States.

5.      Defendant Donald Aldrich did not contact representatives of the Bay City Public Safety Department, Officer Brian Ritchey, or Officer Keath Bartynski, nor did he solicit any involvement of public safety officers on his behalf that would give rise to a claim under color of state law.

6.      At all relevant times, Donald Aldrich was a private actor and his conduct was not fairly attributable to the state.

7.      At no time did Donald Aldrich detain, pat down, or search Plaintiff, nor violate any rights accorded to Plaintiff under the Fourth or Fourteenth Amendments to the United States Constitution.

8.      Defendant Donald Aldrich did not direct any state official or public safety officer to search or arrest Plaintiff giving rise to a claim under the Fourth or Fourteenth Amendments to the United States Constitution.

9.      At no time did Donald Aldrich interfere with Plaintiff's right to freedom of speech.

10.      Defendant Donald Aldrich acting in his private capacity engaged in his right to free speech under the First and Fourteenth Amendments to the United States Constitution, and

2

his free speech and exercise of his free speech rights does not give rise to a claim for violation of Plaintiff's constitutional rights.

11.     At no time did Donald Aldrich compel or encourage confiscation of Plaintiff's cell phone to give rise to a claim under 42 U.S.C. §1983.

12.     To the extent that Plaintiff was a complaining witness and participated in criminal proceedings against Donald Aldrich, the factual findings of the Court and jury are binding upon Plaintiff and Plaintiff cannot challenge these findings under the doctrines of collateral estoppel and res judicata.

13.     To the extent that Donald Aldrich is determine to have been acting under color of state law, his actions are protected by the doctrine of qualified immunity.

14.     Statements and actions attributable to Donald Aldrich did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

15.     Defendant Donald Aldrich reserves the right to file additional Affirmative Defenses as they may become known during the course of discovery.

O'CONNOR, DeGRAZIA, TAMM &O'CONNOR, P.C.


By: /S/ James E. Tamm
     JAMES E. TAMM (P38154)
     Attorney for Defendant Donald Aldrich
     40701 Woodward Avenue, Ste. 105
     Bloomfield Hills, MI 48304
     (248) 433-2000
     jetamm@odtlegal.com

Dated:  April 27, 2015

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOSHUA HOWARD ELZINGA,

     Plaintiff,

vs.

HON. THOMAS L. LUNDINGTON
Case No.: 15-cv-10808-TLL-PTM
Magistrate Judge Patricia T. Morris

BAY CITY PUBLIC SAFETY OFFICER
DONALD ALDRICH, BAY CITY PUBLIC
SAFETY OFFICER BRIAN RITCHEY;
BAY CITY PUBLIC SAFETY OFFICER
KEATH BARTYNSKI, and CARRIER
SUE ALDRICH, Jointly and Severally,

     Defendants.

---

| | |
|---|---|
| THOMAS M. LOEB (P25913)<br>Attorney for Plaintiff<br>32000 Northwestern Hwy., Ste. 170<br>Farmington Hills, MI 48334<br>(248) 851-2200<br>tmloeb@mich.com | THOMAS L. FLEURY (P24064)<br>Attorney for Defendant Bartynski<br>26555 Evergreen, Ste. 1240<br>Southfield, MI 48076<br>(313) 965-0857<br>tlf@kellerthoma.com |
| JAMES E. TAMM (P38154)<br>Attorney for Defendant Aldrich<br>40701 Woodward Avenue, Ste. 105<br>Bloomfield Hills, MI 48304<br>(248) 433-2000<br>jetamm@odtlegal.com | PAUL L. NYSTROM (P57067)<br>DAVID J. COUNCIL (P73163)<br>Attorney for Carrie Sue Aldrich<br>39577 Woodward Ave., Ste. 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0700<br>pnystrom@dykema.com<br>dcouncil@dykema.com |

---

## DEFENDANT DONALD ALDRICH'S RELIANCE ON JURY DEMAND

    Defendant Donald Aldrich, by and through his attorneys, O'Connor, DeGrazia, Tamm &

O'Connor, P.C., relies on the Jury Demand filed by Plaintiff in the above cause of action.

O'CONNOR, DeGRAZIA, TAMM &O'CONNOR, P.C.


By: /S/ James E. Tamm
   JAMES E. TAMM (P38154)
   Attorney for Defendant Donald Aldrich
   40701 Woodward Avenue, Ste. 105
   Bloomfield Hills, MI 48304
   (248) 433-2000
Dated: April 27, 2015          jetamm@odtlegal.com

### CERTIFICATE OF SERVICE

I hereby certify that on **April 27, 2015**, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***Thomas M. Loeb, Thomas L. Fleury, and Paul L. Nystrom,*** and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants: None.


/S/ Carolyn Rowland (cmrowland@odtlegal.com)
40701 Woodward Avenue, Ste. 105
Bloomfield Hills, MI 48304
(248) 433-2000
James E. Tamm P 38154
jetamm@odtlegal.com

2